**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

STEVEN MILES MATCHETT      :
1234 Gordon Road             :
Jenkintown, PA 19046       :     CIVIL ACTION
                             :
       Plaintiff,          :     No. _____
                             :
   v.                     :
                             :
MERCK & CO., INC., d/b/a    :     **JURY TRIAL DEMANDED**
MERCK                       :
2000 Galloping Hill Road    :
Kenilworth, NJ 07033       :
                             :
     and                 :
                             :
MERCK SHARP AND DOHME   :
CORP                     :
126 E LINCOLN AV M/S RY   :
RAHWAY NJ 07065        :
                             :
       Defendants.       :
_____ :

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Steven Miles Matchett (_hereinafter_ referred to as

"Mr. Matchett' or "Plaintiff") against Merck & Co., Inc., d/b/a Merck and Merck Sharp and Dohme

Corp. (hereinafter collectively "Defendants") for violations of Section 1981 of the Civil Rights

Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title

VII" - 42 U.S.C. §§ 2000e, _et. seq._), and the Pennsylvania Human Relations Act ("PHRA").[1] This

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before
initiating a lawsuit from date of dual-filing with the EEOC (October 30, 2020).  Plaintiff must however file his lawsuit

action concerns allegations of discriminatory and/or retaliatory failure to promote because of Plaintiff's race/color. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. Any state claims amended herein or included would be proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3.      This Court may properly maintain personal jurisdiction over Defendants because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants herein as well.

---

in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII.  Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult male residing at the above-captioned address.

7.      Defendant Merck & Co., Inc. d/b/a Merck is an American multi-national for-profit, business incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey.

8.      Defendant Merck Sharp and Dohme Corp., is a wholly-owned subsidiary of Merck & Co., Inc.

9.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.      Defendants employ Mr. Matchett at its 770 Sumneytown Pike, West Point, PA 19486 facility.

11.      At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Mr. Matchett dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") on October 30, 2020.

14.     The EEOC issued Mr. Matchett a Right to Sue letter on or about July 26, 2021. Mr. Matchett now timely files the instant action within ninety (90) days of his receipt of the Right to Sue letter.

### Mr. Matchett's Early Career and Merck's Repeated Failures to Promote Him

15.     Mr. Matchett is a black, African-American male.

16.     Mr. Matchett first started working for Defendants in 1998 as an intern in Defendants' Site Environmental Engineering Department.

17.     Throughout his over twenty years of employment with Defendants, Mr. Matchett has been an exemplary employee but has been routinely denied promotions and advancement opportunities while white/Caucasian employees have been promoted instead.

18.     In or about January 2000, Defendants hired Mr. Matchett as a full-time employee in the Site Environmental Engineering Department of Defendants' Pennsylvania Global Workplace & Enterprise Services ("PA-GWES") formerly known as Site Engineering Services("SES").

19.     Defendants' PA-GWES division provides facility solutions across many disciplines including process, operations and strategy, facility management, integrated facility management and real estate.

20.     By in or about 2013, Mr. Matchett was acting as an Associate Director but was not formally recognized with a promotion or corresponding pay increase and associated bonuses.

21.    In or about May 2017, Defendants told Mr. Matchett that his position was being eliminated.

22.    Without consulting Mr. Matchett, Defendants unilaterally placed him in the role of Manager, Maintenance and Utilities. This unilateral decision ignored alternative open positions that Mr. Matchett was better qualified for and more closely aligned with his skill set and competencies. Mr. Matchett raised his objections to this unilateral placement into a position he was not suited for and one he viewed as derogatory in nature.

23.    Defendants simply directed Mr. Matchett to apply for any open positions if he desired.

24.    Between 2017 and 2018, Mr. Matchett interviewed for numerous open leadership positions within the PA GWES organization. By means of example, he applied for Associate Director of Environmental Health and Safety; Senior Specialist-Environmental Health and Safety; Senior Specialist-PA GWES Compliance and Investigation; Manager Laboratory Services; and Senior Specialist-Water Utilities.

25.    Despite Mr. Matchett's stellar qualifications, Defendants promoted a Caucasian/White employee into every single leadership position Mr. Matchett had applied for.

26.    As a result, Mr. Matchett made numerous formal complaints to Defendants' Office of Ethics to investigate what he reasonably believed to be discriminatory hiring and promotional practices over the next several years.

**Merck's 2020 Reorganization and Failure to Promote Mr. Matchett**

27.    In or about 2020 Defendants conducted a reorganization of the PA-GWES facility.

28.     On July 16, 2020, during a virtual town hall meeting, Defendants announced that three (3) Caucasian/White employees were being promoted to unposted positions, at least one of which Mr. Matchett was both qualified for and had inquired about on previous occasions.

29.     Upon information and belief, another one of these positions had been newly created specifically for a Caucasian/White employee.

30.     During the Q&A portion of the townhall, Mr. Matchett raised numerous complaints, specifically that the promotion process was not equitable and had a disparate impact on African American/Black employees.

31.     Mr. Matchett specifically noted how promoting three Caucasian/White employees to unposted (and newly created) positions was in direct contradiction to the active Chairman and CEO of Defendant, Mr. Kenneth Fraizer's recent July 2020 comments in a Harvard Business School interview regarding the lack of African American employees in middle management.[2]

32.     Mr. Matchett also complained that the purported increase in the percentage rate of the Under-Represented Employee Group ('UEG') metric within the West Point PA GWES organization provided a false narrative as to the actual number of people of color within the organization in *leadership* positions.

33.     Mr. Matchett recognized and acknowledged during that meeting that while over the past several months there had been an increase in hiring of people of color, these hires were all at entry level positions within the organization.

---

[2] https://hbswk.hbs.edu/item/merck-ceo-ken-frazier-speaks-about-a-covid-cure-racism-and-why-leaders-need-to-walk-the-talk

34.    In response, Defendants told Mr. Matchett he was "not eligible for any of the positions or promotions identified in the town hall meeting because he did not have an engineering degree.

35.    In fact, Mr. Matchett holds two engineering degrees including a B.S. in Civil Engineering and a B.S. in Environmental Engineering both from the University of Miami.

36.    Mr. Matchett's B.S. in Environmental Engineering included a concentration on potable water and wastewater management, and he served as Environmental Engineer on Defendants' PA West Point 2-million-gallon hydropillar project and developed extensive experience and technical knowledge with managing the Site's Water Utilities Department responsibilities.

37.    After voicing complaints of racial discrimination and disparate treatment, Mr. Matchett received numerous communications from co-workers thanking him for speaking up and drawing attention to the systemic racism that had permeated Defendants' PA-GWES facility. These co-workers expressed that they were "definitely proud and scared for you all at the same time;" that they "admire[d] your courage and candor in speaking out;" that they were "on my side;" and that they had "been here for 32 years and nothing has changed."

38.    On July 17, 2020, Defendants' Associate Director called Mr. Matchett to indicate that members of the PA GWES Leadership Team conducted a meeting on the day of and after Mr. Matchett 's comments at the Townhall on 7/16/2021.  The Associate Director indicated several PA GWES Leadership Team members and other persons corroborated the sentiments Mr. Matchett expressed during the townhall meeting.

39.     The following Monday July 20, 2020, Mr. Matchett received an unsolicited email from one of the Defendants' Wellness Coaches entitled "checking in." Mr. Matchett responded that he was disappointed, ashamed, and dismayed with Defendants' systemic inability to recognize and acknowledge minorities at the PA-GWES facility.

40.     Later in the day on July 20, 2020, Defendants' Associate Director called Mr. Matchett again and relayed to Mr. Matchett that he had conveyed to immediate management structure the validity of Mr. Matchett's complaints comments made at the townhall meeting.

41.     During this conversation, Mr. Matchett again complained about the discriminatory re-organization process and raised concerns regarding his previous supervisor. Specifically he mentioned how the supervisor pushed inconsistent, non-contextual, inaccurate, and defamatory year-end reviews as well as labelled Mr. Matchett as "resistant," all of which made Mr. Matchett feel that his supervisor viewed him as a stereotypical "Angry Black Man."

42.     The Leadership Team Member then mentioned that there was a position that "would be perfect" for Mr. Matchett, referring to an Associate Director position at Powerhouse. The Leadership Team Member told Mr. Matchett that Defendants would have to post the position - unlike the other three positions which were not posted and went to Caucasian/White employees.

43.     On July 21, 2020, Mr. Matchett received a meeting request to meet individually with a Senior GWES Leader on July 23, 2020.  The meeting request subject line was "Workforce – XXXX/Miles" and there was no language in the body of the meeting request to know what the purpose and agenda of the meeting was.  Mr. Matchett then called the Senior GWES Leader's assistant to determine the purpose of the meeting.  The assistant conveyed to Mr. Matchett they were directed to set-up the meeting due to Mr. Matchett's request for a meeting for the complaints

Mr. Matchett raised at the townhall meeting.  Mr. Matchett informed to the assistant that he did not request a meeting.

44.     On July 23, 2020, Defendants' Human Resources Business Partners sent Mr. Matchett a "Jabber" Instant Message.  The Human Resources Business partner conveyed to Mr. Matchett that the Senior GWES Leader was concerned about Mr. Matchett and reached out to the Human Resources Business Partner.

45.     Mr. Matchett again raised complaints with Defendants' Office of Ethics. In response he was told that the promotions were based on skill set, competency, and business needs. The Office of Ethics stated that Mr. Matchett's complaints were not substantiated, and they would "not comment on the specifics of the investigation." However, Defendants' later admissions for why Mr. Matchett was passed over are inconsistent, blatantly false and demonstrate clear pretext for their discriminatory motives. By way of example only and by no means an exhaustive list,

      a.   Defendants claim that two roles were created and therefore not subject to internal posting requirements. However, only one new role was created and the others were existing roles filled by white/Caucasian employees without following internal posting requirements.

      b.   Defendants claimed that the selected white/Caucasian employees were at higher levels than Mr. Matchett, when in fact Mr. Matchett was at the same or comparable levels as at least two of the white/Caucasian employees.

      c.   Defendants told Mr. Matchett that he had been bypassed because he "worked in an entirely different department." However, at least one of the white/Caucasian employees who was promoted "worked in an entirely different department".

46.     Mr. Matchett reluctantly applied for and was recently ultimately hired into this position.

47.     Upon information and belief, no Black/African-American has held a senior leadership position at Defendants' PA-GWES facility in at least the last fifteen years.

48.     Mr. Matchett believes and therefore avers that he was not selected for promotion because of his race/color and/or in retaliation for making complaints of what he reasonably believed to be discrimination.

49.     As a result of the acts and conduct complained of herein, Plaintiff has felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, and other compensation which such employment entails. Plaintiff has also suffered future losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-monetary losses. Plaintiff has further experienced severe emotional and physical distress.

51.     The above are just some of the examples of unlawful discrimination and retaliation which Defendants exposed Mr. Matchett to.

52.     Mr. Matchett claims continuing action violations by Defendant.

53.     Defendants has exhibited a pattern and practice of discrimination and retaliation.

**Count I**
**Violations of 42 U.S.C. § 1981**
**(Racial Discrimination and Retaliation)**

54.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.     Plaintiff was continuously not selected for roles he was qualified for because of his race/color and/or because he complained of what he reasonably believed to be unlawful discriminatory employment practices.

56.     Defendants' actions constitute violations of 42 U.S.C. § 1981.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination and [2] Retaliation)**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Plaintiff was continuously not selected for roles he was qualified for because of his race/color and/or because he complained of what he reasonably believed to be unlawful discriminatory employment practices.

59.     Defendants' actions constitute unlawful discrimination and retaliation under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.      Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     _____
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: September 24, 2021

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Steven Miles Matchett      :      CIVIL ACTION

        v.              :

Merck & Co., Inc., d/b/a Merck, et al.      :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 9/24/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1234 Gordon Road, Jenkintown, PA 19046_____

Address of Defendant: ___2000 Galloping Hill Road, Kenilworth, NJ 07033 / 126 E Lincoln Av M/S RY, Rahway, NJ 07065___

Place of Accident, Incident or Transaction: ___Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___9/24/2021_____     _____     ___ARK2484 / 91538___
                              *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: ___9/24/2021_____     _____     ___ARK2484 / 91538___
                              *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MATCHETT, STEVEN MILES | MERCK & CO., INC., D/B/A MERCK, ET AL. |

**(b)**  County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Union
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square,
Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|  | |
|---|---|
| 1   U.S. Government<br>      Plaintiff | X  3   Federal Question<br>        *(U.S. Government Not a Party)* |
| 2   U.S. Government<br>      Defendant | 4   Diversity<br>        *(Indicate Citizenship of Parties in Item III)* |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place<br>of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place<br>of Business In Another State | 5 | 5 |
| Citizen or Subject of a<br>Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>153 Recovery of Overpayment<br>    of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product<br>    Liability<br>320 Assault, Libel &<br>    Slander<br>330 Federal Employers'<br>    Liability<br>340 Marine<br>345 Marine Product<br>    Liability<br>350 Motor Vehicle<br>355 Motor Vehicle<br>    Product Liability<br>360 Other Personal<br>    Injury<br>362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury -<br>    Product Liability<br>367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal<br>    Property Damage<br>385 Property Damage<br>    Product Liability | 625 Drug Related Seizure<br>    of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated<br>    New Drug Application<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC<br>    3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and<br>    Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | 890 Other Statutory Actions<br>891 Agricultural Acts |
| | | | 710 Fair Labor Standards<br>    Act<br>720 Labor/Management<br>    Relations<br>740 Railway Labor Act<br>751 Family and Medical<br>    Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement<br>    Income Security Act | 861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 893 Environmental Matters<br>895 Freedom of Information<br>    Act |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>X 442 Employment<br>443 Housing/<br>    Accommodations<br>445 Amer. w/Disabilities -<br>    Employment<br>446 Amer. w/Disabilities -<br>    Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate<br>    Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>871 IRS—Third Party<br>    26 USC 7609 | 896 Arbitration<br>899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>950 Constitutionality of<br>    State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1  Original<br>      Proceeding | 2  Removed from<br>      State Court | 3  Remanded from<br>      Appellate Court | 4  Reinstated or<br>      Reopened | 5  Transferred from<br>      Another District<br>      *(specify)* | 6  Multidistrict<br>      Litigation -<br>      Transfer | 8  Multidistrict<br>      Litigation -<br>      Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of Section 1981, Title VII and the PHRA.

## VII.  REQUESTED IN    COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    X Yes    'No

## VIII.  RELATED CASE(S)    IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
9/24/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|